UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON JAMES POISEL,<br><br>Defendant. | Case No. 4:16-cr-236-BLW<br><br>**PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT**[1]<br><br>**Final Order of Forfeiture:**<br>**[ X ] anticipated**<br>**[ ] not anticipated** |

This matter having come before the Court on Plaintiff's Motion for Preliminary Order of Forfeiture, Final as to Defendant (Dkt. 26), and based upon the record and filings herein, and the Rule 11 Plea Agreement of BRANDON JAMES POISEL (Dkt. 19), filed in the above case on or about April 7, 2017, by which the defendant pled guilty to a violation of 18 U.S.C. § 2252(a)(4)(B), said plea providing for forfeiture of any and all interests the defendant possessed in the Subject Property pursuant to 18 U.S.C. § 2253;

---

[1] A Preliminary Order of Forfeiture is final as to the Defendant. Fed. R. Crim. P. 32.2(b)(4). Thus, in many cases, a Final Order of Forfeiture is unnecessary. In other cases, the Court will issue a Final Order of Forfeiture to resolve third party interests or other concerns. This Order caption reflects the United States' current intent, expressed in its Motion, regarding whether to seek a Final Order of Forfeiture. The Court notes that intent may change in some cases.

**PRELIMINARY ORDER OF FORFEITURE, FINAL AS TO DEFENDANT - 1**

**NOW, THEREFORE, THE COURT ORDERS** that the United States' Motion for Preliminary Order of Forfeiture, Final as to Defendant (Dkt. 26) is GRANTED and the defendant shall forfeit to the United States any property constituting proceeds of, or involved in or used or intended to be used in commission of, the defendant's violation of 18 U.S.C. § 2252(a)(4)(B), and any property traceable to such property, to include, but not be limited to, the following property (hereinafter "Subject Property"):

**Subject Property**: The following electronics, which contained visual depictions of minors engaged in sexually explicit conduct, and were seized from the defendant's residence in Chubbuck, Idaho, on or about February 12, 2014:

1. Samsung cellular phone (S4), model SGH-M919, serial number RV1D72LCGSJ, bearing a manufacturer's stamp, "Made in China;"

2. Samsung cellular phone, model SGH-T839, serial number R2DB840322L, bearing a manufacturer's stamp, "Made in Korea;" and

3. Hewlett Packard Pavilion DV7 laptop computer, serial number CNF0250GK3, bearing a manufacturer's stamp, "Made in China."

**Substitute Assets:** Upon a showing that any of the properties and interests described above as being subject to forfeiture, as a result of any action or omission of the defendant above named:

1. Cannot be located upon the exercise of due diligence;

2. Has been transferred or sold to, or deposited with, a third person;

3. Has been placed beyond the jurisdiction of the court;

4. Has been substantially diminished in value; or

5. Has been commingled with other property which cannot be subdivided without difficulty; the United States shall be authorized, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the said defendant up to the value of the forfeitable properties and interest herein.

The Court has determined, based on the guilty plea to Counts One and Two of the Indictment as set out in the defendant's plea agreement, that the above property is subject to forfeiture pursuant to 18 U.S.C. § 2253, and that the United States has established the requisite nexus between such property and such offense.

The United States Attorney General (or a designee) is hereby authorized to seize the Subject Property, in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

The United States is further hereby authorized, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B) to conduct any discovery, including depositions, necessary to (1) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third-party interests claimed pursuant to Section 853(n) herein. Such discovery shall be in accordance with the Federal Rules of Civil Procedure.

The United States Attorney General (or a designee) is hereby authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish on an official government internet site (www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within sixty (60) days of the first publication date of the notice or within thirty (30) days of receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6), and made applicable pursuant to 28 U.S.C. § 2461(c).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in pursuant to 21 U.S.C. § 853(n)(2), and made applicable pursuant to 28 U.S.C. § 2461(c) for the filing of third party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is final as to the defendant at sentencing and will be made part of the sentence and included in the judgment.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED: June 2, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court